**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| TAMMY DUNCAN, | ) | |
| | ) | No. 2:14-cv-1905-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the court on United States Magistrate Judge Mary Gordon Baker's Report and Recommendation ("R&R") that the court affirm Commissioner of Social Security Carolyn Colvin's decision denying claimant Tammy Duncan's ("Duncan") application for disability insurance benefits ("DIB"). Duncan filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.     Procedural History

Duncan first filed an application for DIB on April 9, 2011, alleging she had been disabled since February 21, 2011. The Social Security Administration ("the Agency") denied Duncan's application both initially and on reconsideration. Duncan requested a hearing before an administrative law judge ("ALJ"), and ALJ Harold Chambers presided over a hearing held on October 23, 2012. In a decision issued on January 23, 2013, the ALJ determined that Duncan was not disabled. Duncan requested Appeals Council

1

review of the ALJ's decision. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review on March 14, 2014.

On May 13, 2014, Duncan filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on July 14, 2015, recommending that this court affirm the ALJ's decision. Duncan filed objections to the R&R on July 31, 2015, and the Commissioner responded to Duncan's objections on August 17, 2015. The matter is now ripe for the court's review.

### B.     Medical History

Because the parties are familiar with Duncan's medical history, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Duncan was forty-six years old at the time of her alleged disability onset date. She has a high school education and past relevant work experience as a deli worker, a convenience store cashier, and a school cafeteria food service worker. In her application, Duncan alleged disability due to, inter alia, degenerative disc disease, ankylosing spondylitis, insomnia, irritable bowel syndrome ("IBS"), depression, and anxiety.

### C.     ALJ's Decision

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the

claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an impairment contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). "If an applicant's claim fails at any step of the [sequential evaluation] process, the ALJ need not advance to the subsequent steps." Id. (citing Hunter, 993 F.2d at 35).

To determine whether Duncan was disabled from February 21, 2011 through the date of his decision, the ALJ employed the statutorily-required five-step sequential evaluation process. At step one, the ALJ found that Duncan did not engage in substantial gainful activity during the period at issue. Tr. 24. At step two, the ALJ found that Duncan suffered from the following severe impairments: cervical degenerative disc disease with discectomy, ankylosing spondylitis with polyarthritis, insomnia, IBS, chronic fatigue syndrome, depression, and anxiety. Id. At step three, the ALJ found that Duncan's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments. Tr. 25. Before reaching the

fourth step, the ALJ determined that Duncan retained the residual functional capacity ("RFC") to perform less than the full range of light work.

> Specifically, the claimant can lift up to 15 pounds occasionally and lift or carry up to 10 pounds frequently; she can stand or walk for 4–6 hours in an 8-hour day and sit for 4–6 hours in an 8-hour day, with normal breaks. The claimant also requires a sit/stand option at the workstation, consistent with the exertional limitations described above, but she cannot be off task more than 5% of the work period . . . ; she can sit in up to 60 minute time segments and stand/walk in up to 30 minute time segments in exercising the sit/stand option. Additionally, the claimant can frequently push, pull and reach overhead with the left upper extremity but can only occasionally push, pull and reach overhead with the right upper extremity. She can only frequently operate foot controls with the bilateral lower extremities, and she cannot climb ropes, ladders, or scaffolds. She can only occasionally climb ramps or stairs, balance, stoop, kneel, and crawl, and she cannot crouch. The claimant can frequently handle objects . . . with the right hand, but she has no handling limitations with the left hand. With her right hand, wrist and arm, she can frequently perform fingering operations . . . involving objects no smaller than the size of a paper clip, but has no fingering limitations with the left hand. The claimant must avoid concentrated exposure to extreme cold, excessive vibration, and hazards . . . . The claimant is also limited to work which involves only simple, routine and repetitive tasks in a low stress environment (i.e., one that does not require the performance of fast-paced production rate work or fast-pace work).

Tr. 27–28. The ALJ found, at step four, that Duncan was unable to perform any of her past relevant work. Tr. 35. Finally, at step five, the ALJ determined that considering Duncan's age, education, work experience and RFC, she could perform jobs existing in significant numbers in the national economy, and therefore concluded that she was not disabled during the period at issue. Id.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review the factual findings and legal

4

conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

### III.   DISCUSSION

Duncan objects to the R&R, arguing that the magistrate judge erred in finding that the ALJ properly discounted the opinions of Duncan's treating rheumatology specialist, Dr. Jeffrey Lawson ("Dr. Lawson"), and Duncan's long term treating physician, Dr. Richard G. Leland ("Dr. Leland"). Pl.'s Objections 1. Specifically, as to Dr. Lawson, Duncan argues that: (1) his opinion "was still entitled to evaluation even if it touched upon an issue reserved to the Commissioner; (2) the ALJ failed "to consider that accommodations were made for Duncan during her full-time work, and that a doctor cannot be presumed to use the Commissioner's definition of disability"; (3) "references to stability do not equate with ability to work"; and (4) his opinion "is not contradicted by his diagnosis of fibromyalgia." Id. at 5–11. Similarly, as to Dr. Leland, Duncan argues

5

that there is objective evidence to support his opinion, and that "Duncan's ability to perform well on simple intellectual tests does not contradict Dr. Leland's opinions." Id. at 2–4.

Regulations require that a treating physician's opinion be given controlling weight if that opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 404.1527(c)(2); see, e.g., Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). In such a circumstance, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro, 270 F.3d at 178.

If a treating physician's opinion does not merit controlling weight, the ALJ is to evaluate it using the following factors: (1) whether the physician has examined the applicant; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by relevant medical evidence; (4) the extent to which the opinion is consistent with the record as a whole; (5) the relevance of the physician's medical specialization to the opinion; and (6) any other factor that tends to support or contradict the opinion. 20 C.F.R. § 404.1527(c); see SSR 96–2p; Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006). However, the Fourth Circuit has not mandated an express discussion of each factor and another court in this district has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision." Hendrix v. Astrue, No. 1:09-cv-1283, 2010

6

WL 3448624, at *3 (D.S.C. Sept. 1, 2010); see § 404.1527(c)(2) (requiring ALJ to give "good reasons" for weight given to treating source's opinion). A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . or has not given good reason for the weight afforded a particular opinion." Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (internal citation omitted).

Here, Dr. Lawson opined in response to a questionnaire that, due to her ankylosing spondylitis and fibromyalgia, Duncan is unable to work 8 hours per day, 5 days a week, and found that Duncan has been disabled since April 9, 2007. Tr. 498–99. Similarly, Dr. Leland opined that the combination of Duncan's conditions "would affect her ability to concentrate in a work environment for at least the past couple of years." Tr. 500. He explained that Duncan's combination of chronic pain, insomnia, depression, and IBS, as well as her medication side effects, would cause Duncan to "suffer interruptions to her concentration sufficient to frequently interrupt tasks throughout the work day." Id.

In his decision, the ALJ afforded "little weight" to Dr. Lawson's opinion, providing detailed reasons for this conclusion. Specifically, the ALJ noted that Dr. Lawson's opinion: (1) is inconsistent with Duncan's documented ability to work on a full-time basis until February 2011; (2) is inconsistent with Dr. Lawson's own treatment notes; and (3) failed to set forth any specific limitations to support his opinion that Duncan cannot work 8 hours per day, 5 days a week. Tr. 33.

The ALJ likewise afforded "little weight" to Dr. Leland's opinion that Duncan will frequently be unable to sustain concentration on tasks, finding there was no objective

7

evidence to support such an opinion. Tr. 34. However, the ALJ afforded "some weight" to Dr. Leland's opinion that Duncan will have difficulty concentrating—his RFC finding limits Duncan "to simple, routine and repetitive tasks in an environment that does not require [a] fast-paced production rate or fast-paced work." Tr. 33.

Here, the court finds that Duncan's objections are essentially invitations to the court to reweigh the evidence and come to its own conclusions as to the weight to afford the opinions of Dr. Lawson and Dr. Leland. As the magistrate judge noted, the ALJ provided detailed reasons for discounting both treating sources' opinions, reasons that are supported by substantial evidence. R&R 10–11, 14. While Duncan objects to the conclusions drawn by the ALJ and certain evidence on which the ALJ relied in making his findings, the court finds these objections to be without merit. Indeed, the court finds that "the ALJ provided good reasons for not assigning great weight to [these treating sources'] opinions and demonstrated that he considered the § 404.1527(d) factors." Hendrix, 2010 WL 3448624, at *3.

For example, as to Dr. Lawson, the ALJ noted that, although he based his opinion on Duncan's ankylosing spondylitis and fibromyalgia, Dr. Lawson's "treatment notes consistently reflect [that the ankylosing spondylitis] has been stable with Remicide infusions." Tr. 33. He further noted that Duncan's "diagnosis of fibromyalgia is documented only a few times in the medical record, and treatment notes do not reflect that [Duncan's] fibromyalgia meets the requirements of a medically determinable impairment under Social Security Ruling 12-2p." Id. The ALJ went on to discuss Dr. Lawson's treatment notes, finding them to be inconsistent with Dr. Lawson's opinion on Duncan's work limitations. Id. He found that Duncan's documented ability to work on a

full-time basis until February 2011 undermined Dr. Lawson's opinion that Duncan has been disabled since April 9, 2007. Id. The ALJ also properly noted that a determination of disability is an issue reserved to the Commissioner. Tr. 33; see 20 C.F.R. § 404.1527(d)(1). Finally, as discussed above, the ALJ did not base his findings on the stability of Duncan's diagnosed ankylosing spondylitis alone. Rather, the ALJ provided numerous reasons for affording Dr. Lawson's opinion "little weight."

As for Dr. Leland, the court finds that the ALJ was entitled to afford little weight to his opinion that Duncan is unable to work, given that the ALJ found this opinion to be unsupported by clinical evidence that Duncan could "perform simple arithmetic problems without difficulty, . . . and read and follow[] a written command." Tr. 34; see Craig, 76 F.3d at 590. Notably, the ALJ did not wholly reject Dr. Leland's opinion—he afforded "some weight" to Dr. Leland's opinion that Duncan has difficulty concentrating, explicitly incorporating this opinion into his RFC finding. Tr. 28, 33.

Because Duncan's objections ask the court to reweigh the evidence, which is not within the province of this court, remand is not appropriate. See Johnson v. Barnhart, 434 F.3d 650 at 653 (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ). As previously stated, the ALJ provided detailed reasons for discounting the opinions of Dr. Lawson and Dr. Leland in his thorough fifteen page decision. The Court declines to substitute its judgment for that of the ALJ as to these treating sources' opinions.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R, and

**AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 25, 2015**
**Charleston, South Carolina**